FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 24 2007

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INDIVIDUAL NETWORK, LLC | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2-07 CV-158 |
| v. | § | LED |
| | § | |
| APPLE, INC., | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

This is a patent infringement lawsuit brought by Plaintiff Individual Network, LLC ("Individual Network"), against Apple, Inc. ("Apple") for infringement of United States Patents owned by Individual Network.

### I. PARTIES

1. Plaintiff Individual Network is a limited liability company. Individual Network's principal place of business is 101 N. Clematis Street, Suite 507, West Palm Beach, Florida 33401.

2. Defendant Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

### II. JURISDICTION AND VENUE

3. This complaint states claims arising under the patent laws of the United States. Plaintiff Individual Network asserts causes of action under 35 U.S.C. § 271 for infringement of its patents. This Court has original and exclusive subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant Apple maintains facilities in Texas for engineering, sales, and distribution, including facilities in the Eastern District of Texas. Apple also advertises and sells its products to distributors and residents

throughout Texas. Apple's activities in this district and in the state of Texas are sufficient to constitute doing business for jurisdiction and venue purposes. A substantial part of the events giving rise to this suit occurred in this district, including acts of infringement by Apple, as well as sales and offers for sale by Apple of infringing products.

### III. BACKGROUND

5. Individual Network is a software company specializing in individualized delivery of customized media content and customized advertising over the internet.

**Individual Network's Patents**

6. Individual Network owns several patents (from as early as 2002 and as recent as October 2006) covering, among other things, certain methods and systems for providing customized digital media content and advertising over an electronic network, such as the Internet. The customized content could include television shows, music, movies, and other content.

7. The Individual Network patents disclose, among other things, superior methods of delivering customized media content and advertising to a user through a computer system or electronic network. For example, the patents describe a method in which the client (i.e., the content provider) receives personalized data relating to a particular user. The personalized data could be based on the personal profile of the user, the television show preference of the user and/or the past content selections of the user. The personalized data may be used to create and to transmit customized media and a customized media list specifically directed to audio preferences of the user. The precise nature of the invention is described with particularity in the patents themselves.

### IV. CLAIM ONE—INFRINGEMENT OF U.S. PATENT NO. US 7,117,516

8. On October 3, 2006, United States Patent No. 7,117,516 (the '516 Patent) was duly and legally issued for an invention entitled "Method and System for Providing a Customized Media

List." Individual Network was assigned the '516 Patent and continues to hold all rights and interest in the '516 Patent. A true and correct copy of the '516 Patent is attached hereto as Exhibit A.

9. Defendant Apple has infringed and continues to infringe the '516 Patent by making, using, selling, and offering to sell, within the United States, products that come within the scope of the patents. For example, the patented inventions are key components that enable the iTunes Store to create media lists based on user preferences.

10. Defendant Apple has also infringed and continues to infringe the '516 Patent by its manufacture, use, offer for sale, importation and/or offer for sale of devices used to download music and other content from the iTunes Store, including but not limited to the iPod, and by actively inducing the infringement of others in manufacturing, using, selling, distributing, and/or offering to sell infringing products and devices.

11. Defendant Apple has induced and continues to induce the infringement of the '516 Patent by making, using, selling, and offering to sell, within the United States, devices, such as the iPod, for downloading music and other content from the iTunes Store.

12. Defendant Apple's acts of infringement and inducement have caused damage to Individual Network, and Individual Network is entitled to recover from Defendant Apple the damages sustained by Individual Network as a result of Apple's wrongful acts in an amount subject to proof at trial.

13. Defendant Apple's infringement of Individual Network's exclusive rights under the '516 Patent will continue to damage Individual Network, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

## V. **JURY DEMAND**

14. Individual Network demands a trial by jury on all issues.

## VI. PRAYER FOR RELIEF

15. Individual Network seeks an award of damages from Apple in an amount no less than a reasonable royalty on all products and services made, used, sold, or offered for sale by Apple in connection with products that come within the scope of the patents.

16. Individual Network seeks an accounting for all profits made by Apple in connection with products and services made, used, sold, or offered for sale by Apple in connection with products that come within the scope of the patents.

17. Individual Network seeks a permanent injunction to prevent Apple's continued unlicensed use of the infringing methods and systems.

18. Apple's conduct makes this an exceptional case as set forth in 35 U.S.C. § 285. Pursuant to this statutory provision, Individual Network seeks the recovery of its reasonable and necessary attorneys' fees.

Respectfully submitted,

By: /s/ Andrew W. Spangler
S. Calvin Capshaw, III
State Bar No. 03783900
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@mailbmc.com
Andrew W. Spangler
State Bar No. 24041960
aspangler@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile

Max L. Tribble, Jr.
State Bar No. 20213950
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

ATTORNEYS FOR PLAINTIFF,
INDIVIDUAL NETWORK, LLC

OF COUNSEL:

Neal S. Manne
State Bar No. 12937980
Chanler A. Langham
State Bar No. 24053314
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

741607v1/009936