**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INDIVIDUAL NETWORK, LLC | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2-07CV-158 (LED) |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**AGREED PROTECTIVE ORDER**
**REGARDING THE CONFIDENTIALITY OF DISCOVERY MATERIALS**

Plaintiff Individual Network, LLC and Defendant Apple Inc. anticipate that documents or information containing confidential, proprietary, and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter the following Order setting forth the conditions for treating, obtaining and using Confidential Information produced in this litigation. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Confidentiality of Discovery Materials (the "Protective Order"):

1. This Protective Order shall apply to all information, documents, testimony, or other things subject to discovery in this action that contains proprietary, confidential, trade secret, or commercially sensitive information, as well as any copies, excerpts, summaries, derivations or compilations of any of the foregoing contained in any pleadings, reports, discovery responses, correspondence, documents or things (collectively, "Discovery Material") – including any information, documents, testimony, or other things designated "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS EYES ONLY," and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" under this

protective order. As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action. "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.

2.     Any party or non-party from whom discovery is sought in this action, and who is producing or disclosing Discovery Material may designate it as set forth herein as: (a) CONFIDENTIAL; (b) CONFIDENTIAL –ATTORNEYS EYES ONLY; or (c) CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE subject to this Protective Order if it contains confidential, proprietary, trade secret, commercially sensitive information or market-sensitive information.

3.     In the absence of written permission from the Producing Party, Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE":

(a)     Shall be protected from disclosure as specified herein, unless the Producing Party so states in writing, or a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected or should be subject to an alternative designation; and

(b)     Shall be used only for purposes of this litigation.

4.     Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Each party or non-party must take care to designate for protection only those parts of the Discovery Material that qualify – so that other portions of the Discovery Material for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken identification.

5.    The Producing Party may designate documents or other tangible Discovery Materials by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE."  Notwithstanding anything to the contrary in this Protective Order, when the Producing Party is a non-party, any party to this action may designate (as appropriate under the provisions of this Protective Order) any and all Discovery Materials produced by the non-party by sending a letter to all parties and the producing non-party notifying them of the party's designations.

(a)    Written discovery may be designated by placing the following legend on every page of the written material prior to production: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE."  In the event that original documents are produced for inspection, the Producing Party may produce the documents on a temporary "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" basis so long as such documents are redesignated as necessary by placing the appropriate legend on the documents in the copying process.

(b)    Parties or testifying persons may designate depositions and other testimony as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or

"CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  All information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS EYES ONLY until the time within which it may be designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" has passed.

6.    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it comprises or includes confidential, proprietary and/or trade secrets or other confidential research, development or sensitive commercial information.    Discovery Material designated as "CONFIDENTIAL" may be disclosed to:

(a)    The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such attorneys, and any copying or other clerical litigation support services working at the direction of any of such attorneys, paralegals or clerical, employees;

(b)    Not more than three (3) representatives for each party who are officers or employees of the party, who may be but need not be in-house counsel for the party, and who shall be designated in writing by the party prior to any disclosure of "CONFIDENTIAL" Discovery Materials to such person, and any paralegals and clerical employees who support the representatives; provided that each such representative has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

(c)    Any person not employed by a party who is specifically retained by any attorney described in Paragraph 6(a) to assist in preparation of this action for trial as a consultant

or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and provided that no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b), below;

(d)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)    The Court, jury, and court personnel;

(f)    Graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party; and

(g)    Any other person with the prior written consent of the Producing Party.

7.    Any "CONFIDENTIAL" Discovery Materials which a Producing Party in good faith believes are extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of the Discovery Materials is likely to cause economic harm to the Producing Party may be given a higher level of protection from disclosure. Accordingly, such "CONFIDENTIAL" Discovery Materials may be designated by the Producing Party at the time of disclosure as "CONFIDENTIAL – ATTORNEYS EYES ONLY." Discovery Material designated as CONFIDENTIAL – ATTORNEYS EYES ONLY may be disclosed only to:

(a)    The outside attorneys working on this action on behalf of any party, any paralegals and clerical employees of such outside attorneys, and any copy or other clerical litigation support services working at the direction of any of such outside attorneys, paralegals or clerical employees; provided, however, any such a person is not involved in competitive decision

making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir . 1984). As used herein, "outside attorneys" shall mean attorneys for the respective firms who have appearances entered in this case;

(b)     Not more than two (2) in-house counsel who are directly responsible for this action and any paralegals and clerical employees of such attorneys; provided however, (i) any such person is not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984); (ii) each such in-house counsel has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b) below; and (iv) such counsel will not participate in any patent prosecution as set forth in Paragraph 25 below.

(c)     Any person not employed by a party who is expressly retained by any attorney described in Paragraph 7(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, (ii) such person is not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984), on behalf of a party, and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b) below;

(d)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(e)     The Court, jury, and court personnel;

(f)     Graphics, translation, design and/or trial consulting services including mock jurors, retained by a Party; and

(g)     Any other person with the prior written consent of the Producing Party.

8.     A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS ONLY—SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret source code.   As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.   Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" shall be subject to the provisions set forth in Paragraph 9 below, and may be disclosed to:

(a)     The outside attorneys working on this action on behalf of any party and two designated paralegals; provided, however, that such persons are not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984).   As used herein, "outside attorneys" shall mean attorneys for the respective firms who have appearances entered in this case;

(b)     Any person not employed by a party who is expressly retained by any attorney described in Paragraph 8(a) to assist in preparation of this action for trial as a consultant or testimonial expert, with disclosure only to the extent necessary to perform such work; provided, however, that:  (i) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, (ii) such person is not involved in competitive decision making, as defined by *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468, n.3 (Fed. Cir. 1984), on behalf of a party, and (iii) no unresolved objections to

such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 10(b) below;

(c)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(d)    The Court, jury, and court personnel;

(e)    Any other person with the prior written consent of the Producing Party.

9.    All source code produced by Apple or Individual Networks shall be deemed designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE." All such source code, and any other Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" shall be subject to the following provisions:

(a)    Any source code that is produced by Apple shall be made available for inspection in electronic format at the East Palo Alto office of its outside counsel, Howrey LLP. Any source code that is produced by Individual Network will be made available for inspection at the Houston office of its outside counsel, Sussman Godfrey, LLP. Prior to the first inspection of any requested piece of source code, the requesting party shall provide 30 days notice of the source code that it wishes to inspect. The requesting party shall provide two days notice prior to any additional inspections.

(b)    All source code will be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for

inspection (the "Source Code Computer").  The Producing Party shall be obligated only to install such tools as are sufficient for viewing and searching the code produced on the platform produced.  The Receiving Party's outside counsel and/or experts may request that other commercially available software tools for viewing and searching source code be installed on the secured computer.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least two days in advance of the inspection.

(c)    The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(d)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code.  The Receiving Party may print portions of the source code only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.    The Receiving Party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time.  Upon printing any such portions of source code, the printed pages shall be collected by the Producing Party.    The Producing Party shall Bates number, copy, and label " CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the

Receiving Party. If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within two business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed source code in question is excessive and/or not reasonably necessary to any case preparation activity. Any printed portion that consists of more than fifteen pages of code shall be presumed to be excessive. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within two business days and shall retain one copy set. The printed pages shall constitute part of the source code produced by the Producing Party in this action.

(e)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall sign a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.

(f)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no

expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(g)    Other than as provided in Paragraph 9(d) above, the Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any source code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(h)    The Receiving Party's outside counsel of record may make no more than five additional paper copies of any portions of the source code received from a Producing Party pursuant to sub-paragraph 9(d), not including copies attached to court filings, and shall maintain a log of all paper copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph 8 above.   The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.

(i)    The Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(j)    All paper copies shall be securely destroyed if they are no longer in use (e.g. at the conclusion of a deposition).  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(k)    Except as provided in this sub-paragraph 9(k), the Receiving Party may not create electronic images, or any other images,  of the source code from the paper copy for use in any manner (e.g., may not scan the source code to a PDF or photograph the code).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of source code as part of filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the source code.  Should a party agree to produce an electronic copy of a portion of its source code or agree that an electronic copy needs to be made for a filing, the communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any electronic copies and the locations where the electronic copies are stored.  Additionally, all electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY - SOURCE CODE".

(l)    The Receiving Party's outside counsel may only disclose a copy of the source code to individuals specified in Paragraph 8 above;

10.    All persons receiving "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material are enjoined from disclosing it to any person, except in conformance with this Protective Order.    Each individual who receives any "CONFIDENTIAL,"

"CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

(a)    Counsel who makes "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material available to persons set forth in Paragraphs 6, 7 and/or 8 above, shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order.  All copies of such Discovery Material disclosed shall be subject to the same restrictions imposed herein on original materials. Any person having access to such Discovery Material pursuant to Paragraphs 6, 7, and/or 8 above, whose participation in this litigation has been terminated or otherwise concluded, shall return all such Discovery Material as soon as practicably possible thereafter to the Receiving Party's counsel of record, but in no event longer than thirty (30) days after the termination or conclusion of the participation.

(b)    Before counsel for a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" to a person described in Paragraphs 6(b), (c), and/or (g), Paragraphs 7(c) and/or (g), and/or Paragraphs 8(b) and/or (f), above, of this Protective Order:

(i)    counsel shall provide a copy of this Protective Order to such person, who shall sign the acknowledgement form annexed hereto as Exhibit A; and

(ii)    at least ten (10) business days before any such disclosure, counsel for the Receiving Party shall notify all counsel of record in writing of the intent to disclose

"CONFIDENTIAL,"   "CONFIDENTIAL   –   ATTORNEYS   EYES   ONLY,"   or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material to such person.  The notice shall include a copy of the acknowledgement form signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the Receiving Party.  If the person is a consultant or testimonial expert described in Paragraphs 6(c), 7(c), or 8(b) above, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and/or consulting relationships.

(iii)    If any party objects to the disclosure of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material to such person, the party shall notify counsel for the Receiving Party in writing of the party's objection(s) to such disclosure prior to the expiration of the ten business discussed in the previous section.  Should the party intending to make the disclosure disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) days, the party objecting to the disclosure may, after the five (5) day period has passed, file a motion requesting a protective order.  Pending a ruling by the Court upon any such objection(s), the Discovery Material shall not be disclosed to the person objected to by the objecting party.

(c)    Counsel disclosing any Discovery Materials to a person required to execute a copy of the acknowledgement form annexed as Exhibit A shall maintain the original(s) of such form(s).

11.    To the extent that any "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material is used in the taking of a deposition, all such Discovery Material shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the such Discovery Material.  If "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material is used in any deposition, the reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

12.    The parties agree to be bound by the terms of this Protective Order with respect to any third party that produces confidential Discovery Material in this lawsuit under this Protective Order. A party that seeks confidential Discovery Material from a third party shall provide a copy of this Protective Order to the third party upon request so that it may take advantage of the protections afforded by this Protective Order.

13.    The recipients of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material provided under this Protective Order and all material that derives therefrom shall maintain such materials in a safe and secure area, and all reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such materials.

Any "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material that is copied, reproduced, summarized, or abstracted shall be subject to the terms of this Protective Order.

14.     Subject to any overriding rules of the Court applicable to this action, any "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper that reflects, contains or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which shall indicate the title of the action, the party filing the materials, and the nature of the materials filed, and shall include the legend "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" as appropriate, and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

Nothing contained in this Protective Order shall be construed to prejudice any party's right to use Discovery Material at any hearing, trial or appeal in this litigation. The confidentiality of such materials shall be protected as determined and directed by the Court.

15.     None of the provisions of this Protective Order shall apply to the following categories of information, documents and/or things, and upon giving written notice, any party may apply to remove the restrictions set forth herein on Discovery Material designated

"CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" based upon a showing that such Discovery Material had been:

(a)    available to the public at the time of its production hereunder;

(b)    available to the public after the time of its production through no unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)    known to the Receiving Party or shown to have been independently developed by the Receiving Party prior to its production herein or without use or benefit of the information;

(d)    obtained outside of this action by the Receiving Party from the Producing Party without having been designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE," provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)    obtained by the Receiving Party after the time of disclosure hereunder from a non-party having the right to disclose the same; or

(f)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

16.    The inadvertent production of Discovery Material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney client privilege or the attorney work-product privilege. Upon a request from a party which has inadvertently produced

Discovery Material which it believes should be subject to the attorney-client or attorney work-product privilege, each party receiving said Discovery Material shall immediately return it and all copies to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.    The inadvertent failure by a Producing Party to designate Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY— SOURCE CODE" within ten (10) days from when the failure to designate first became known to the Producing Party. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

18.    In the event of a disclosure of any Discovery Material designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY— SOURCE CODE" to a person or persons not authorized to receive such disclosure under this Protective Order, the party

responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

19.    Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each party shall return all "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material of a Producing Party to the respective outside counsel of the Producing Party, or in alternative, destroy such Discovery Material. All parties that have received any such Discovery Material shall certify in writing that all such "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" Discovery Material has been returned or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings and attorney and consultant work product for archival purposes.

20.    Any Discovery Material produced prior to entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each Discovery Material by Bates number within sixty (60) days of entry of this Order. Furthermore, a Receiving Party may at any time request that the Producing Party cancel or modify the designation with respect to any Discovery Material. A party shall not be obligated to challenge the propriety of any designation of Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS

EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY – SOURCE CODE" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(a)    The objecting party shall have the burden of conferring either in person, in writing or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(b)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this stipulated order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Notwithstanding any challenge to a designation, the Discovery Material in question designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" shall continue to be treated as such under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE

ATTORNEYS EYES ONLY—SOURCE CODE" withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

21.    If Discovery Material sought by a Receiving Party is subject to a confidentiality obligation of the Producing Party to a third party, the Producing Party shall promptly request permission from such third party to produce the requested Discovery Material and shall provide a copy of this Protective Order to the third party.  If the third party does not consent to production of the requested Discovery Material, then the Receiving Party may make a motion to the Court for an order compelling production of the requested Discovery Material.  A Producing Party is not required to produce such Discovery Material unless and until the third party provides consent or the Court issues an order compelling production of the requested Discovery Material.

22.    This Protective Order is entered without prejudice to the right of any party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter not be produced at all.

23.    If at any time Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.  If a Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Discovery Material in response thereto.

24.    Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys (a) from showing Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" to an individual who either prepared the Discovery Material or reviewed it prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE."    Notwithstanding any designation of Discovery Material by a Producing Party under this Order, any witness may be shown at a deposition, and examined on, any Discovery Material produced by the witness' current employer or that the witness authored or previously received.  The witness may also be shown at a deposition, and examined on, any Discovery Material for which specific documentary or testimonial evidence indicates: (i) that the Discovery Material was communicated to or from the witness; or (ii) that the witness was involved in the specific matter(s) addressed in the Discovery Material, or if the Producing Party of the Discovery Material agrees.

25.    Individuals to whom information is disclosed, wherein that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY—SOURCE CODE" by another party, shall not draft, file, prosecute, or assist in drafting, filing, or prosecution of any new or currently pending patent applications or reexaminations that bear a reasonable relationship to the subject matter of the patents that are asserted in this litigation until eighteen months after the termination of this litigation.

26.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

27.     This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

28.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

29.     Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

**SO ORDERED**

   **So ORDERED and SIGNED this 11th day of October, 2007.**



   **LEONARD DAVIS**
   **UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Individual Network v. Apple, Inc., United States District Court, Eastern District of Texas, Marshall Division, Civil Action No. 2:07-CV-158. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:_____

Present occupation/job description:_____

_____

_____

Name of Company or Firm:_____

Address:_____

Dated: _____, 2007


_____

[Signature]