# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INDIVIDUAL NETWORK, LLC | § | |
| Plaintiff, | § | |
| | § | Civil Action 2:07CV158 |
| v. | § | |
| | § | Honorable Leonard E. Davis |
| APPLE, INC., | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S AMENDED COMPLAINT

This is a patent infringement lawsuit brought by Plaintiff Individual Network, LLC ("Individual Network"), against Apple, Inc. ("Apple") for infringement of United States Patents owned by Individual Network.

## I. PARTIES

1.   Plaintiff Individual Network is a limited liability company. Individual Network's principal place of business is 101 N. Clematis Street, Suite 507, West Palm Beach, Florida 33401.

2.   Defendant Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## II. JURISDICTION AND VENUE

3.   This complaint states claims arising under the patent laws of the United States. Plaintiff Individual Network asserts causes of action under 35 U.S.C. § 271 for infringement of its patents. This Court has original and exclusive subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338(a).

4.   Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant Apple maintains facilities in Texas for engineering, sales, and distribution, including facilities in the Eastern District of Texas. Apple also advertises and sells its products to distributors and residents

throughout Texas. Apple's activities in this district and in the state of Texas are sufficient to constitute doing business for jurisdiction and venue purposes. A substantial part of the events giving rise to this suit occurred in this district, including acts of infringement by Apple, as well as sales and offers for sale by Apple of infringing products.

### III.  BACKGROUND

5. Individual Network is a software company specializing in individualized delivery of customized media content and customized advertising over the internet.

**Individual Network's Patents**

6. Individual Network owns several patents (from as early as 2002 and as recent as October 2006) covering, among other things, certain methods and systems for providing customized digital media content and advertising over an electronic network, such as the Internet. The customized content could include television shows, music, movies, and other content.

7. The Individual Network patents disclose, among other things, superior methods of delivering customized media content and advertising to a user through a computer system or electronic network. For example, the patents describe a method in which the client (i.e., the content provider) receives personalized data relating to a particular user. The personalized data could be based on the personal profile of the user, the television show preference of the user and/or the past content selections of the user. The personalized data may be used to create and to transmit customized media and a customized media list specifically directed to audio preferences of the user. The precise nature of the invention is described with particularity in the patents themselves.

### IV.  CLAIM ONE—INFRINGEMENT OF U.S. PATENT NO. US 7,117,516

8. On October 3, 2006, United States Patent No. 7,117,516 (the '516 Patent) was duly and legally issued for an invention entitled "Method and System for Providing a Customized Media

List." Individual Network was assigned the '516 Patent and continues to hold all rights and interest in the '516 Patent. A true and correct copy of the '516 Patent is attached hereto as Exhibit A.

9. Defendant Apple has infringed and continues to infringe the '516 Patent by making, using, selling, and offering to sell, within the United States, products that come within the scope of the patents. For example, the patented inventions are key components that enable the iTunes Store to create customized media lists based on user preferences.

10. Defendant Apple has also infringed and continues to infringe the '516 Patent by its manufacture, use, offer for sale, importation and/or offer for sale of devices used to download music and other content from the iTunes Store, including but not limited to the iPod, Apple computers and Apple servers, and by actively inducing the infringement of others in manufacturing, using, selling, distributing, and/or offering to sell infringing products and devices.

11. Defendant Apple has induced and continues to induce the infringement of the '516 Patent by making, using, selling, and offering to sell, within the United States, devices, such as the iPod, Apple computers and Apple servers for downloading music and other content from the iTunes Store.

12. Defendant Apple's acts of infringement and inducement have caused damage to Individual Network, and Individual Network is entitled to recover from Defendant Apple the damages sustained by Individual Network as a result of Apple's wrongful acts in an amount subject to proof at trial.

13. Defendant Apple's infringement of Individual Network's exclusive rights under the '516 Patent will continue to damage Individual Network, causing irreparable harm for which there is no adequate remedy at law, unless enjoined.

## V. **JURY DEMAND**

14. Individual Network demands a trial by jury on all issues.

## VI. **PRAYER FOR RELIEF**

15. Individual Network seeks an award of damages from Apple in an amount no less than a reasonable royalty on all products and services made, used, sold, or offered for sale by Apple in connection with products that come within the scope of the patents.

16. Individual Network seeks an accounting for all profits made by Apple in connection with products and services made, used, sold, or offered for sale by Apple in connection with products that come within the scope of the patents.

17. Individual Network seeks a permanent injunction to prevent Apple's continued unlicensed use of the infringing methods and systems.

    Respectfully submitted,

    */s/ Robert Christopher Bunt*
    Robert Christopher Bunt (SBN 00787165)
    rcbunt@pbatyler.com
    Robert M. Parker (SBN 15498000)
    rmparker@phatyler.com
    Charles Ainsworth (SBN 00783521)
    charley@pbatyler.com
    PARKER, BUNT & AINSWORTH, P.C.
    100 East Ferguson, Suite 1114
    Tyler, TX 75702
    Telephone: (903) 531-3535
    Facsimile: (903) 533-9687

    SUSMAN GODFREY L.L.P.
    Chanler A. Langham – Lead Attorney
    State Bar No. 24053314
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Telephone: (713) 651-9366
    Facsimile: (713) 654-6666

OF COUNSEL:

Max L. Tribble, Jr.
State Bar No. 20213950
Neal S. Manne
State Bar No. 12937980
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

ATTORNEY FOR PLAINTIFF,
INDIVIDUAL NETWORK, LLC

## CERTIFICATE OF SERVICE

      hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 23rd day of July, 2008 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                        /s/ *Robert Christopher Bunt*
                                        ROBERT CHRISTOPHER BUNT